IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

BRIAN NELSON, §
 §
 §
Plaintiff, § CIVIL ACTION NO. 5:16-CV-00049-RWS
 §
v. §
 §
RORY L GRIFFIN ET AL., §
 §
 §
Defendants. §

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The Plaintiff Brian Nelson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Bowie County Correctional Center. Plaintiff named as Defendants Warden Bob Page, Dr. J. Shah, Nurse Regina Lynch, and Rory Griffin, Deputy Director for Health and Correctional Services in the State of Arkansas. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. Plaintiff's Claim's

Plaintiff asserts that he injured his back while being transported from Malvern, Arkansas to the Bowie County Correctional Center on July 31, 2015. Docket No. 2 at 4. According to Plaintiff, he repeatedly sought medical care but was not able to see the physician, Dr. Shah, until September 9, 2015. *Id.* at 4–9. He states that Dr. Shah was very rude to him and that Dr. Shah told him it was not his backbone but his pelvic bone which was protruding. *Id.* at 5. Plaintiff

further explains that the nurse told him she was ordering pain medication and muscle relaxants but it would be a while before they came in. *Id.* at 5–6.

Plaintiff states that two months after not receiving medication except for ibuprofen, Plaintiff filed an emergency grievance. *Id.* at 5. According to Plaintiff, Nurse Lynch responded by stating his pain medication had not yet come in and that the doctor did not order an MRI. *Id.* at 6. Plaintiff further states that he appealed Nurse Lynch's response to Rory Griffin and received a note stating he would get a response to the grievance by December 10, 2015. *Id.* Plaintiff notes that he never received a response to that sick call. *Id.*

Plaintiff further alleges that he continued filing sick call requests and saw Dr. Shah for the fourth time on December 11, 2015. *Id.* at 7. According to Plaintiff, Dr. Shah was rude to him and told him that he would not perform surgery on Plaintiff's back. *Id.* Plaintiff explains that he told Dr. Shah none of the medications were working but he was told to leave. *Id.*

On January 6, 2016, Griffin denied Plaintiff's grievance, stating Plaintiff had been seen numerous times for his complaints of back pain and has been treated as deemed appropriate by the medical providers. Docket No. 5-3 at 16. Plaintiff continued filing grievances and sick call requests, some of which were answered by Nurse Lynch but most of which were ignored. *See* Docket No. 5-3 at 17–28. Nurse Lynch told him in multiple grievance responses the Arkansas Department of Correction would not approve an MRI for him because the X-rays taken had proven normal. *See* Docket No. 5-3 at 26. On February 22, 2016, Plaintiff wrote to Warden Page asking for help in getting an MRI but did not receive an answer. Docket No. 2 at 9.

**II. Magistrate Judge's Report**

After review of the pleading, the Magistrate Judge issued a Report recommending dismissal of the claims against Rory Griffin and Warden Page. Docket No. 10. The Magistrate Judge stated

the claims against Griffin revolved around the response he received to his grievance appeal and that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction. *Id.* at 3–4. The Magistrate Judge also stated Plaintiff failed to show Griffin had authority to give directives to medical professionals regarding appropriate tests or treatment. *Id.* at 4.

While Plaintiff complained he sent a grievance to Warden Page but received no reply, the Magistrate Judge determined Plaintiff has no constitutionally protected liberty interest in having his grievances processed appropriately. *Id.* at 3–4. The Magistrate Judge further explained that, even assuming Warden Page received the grievance, the failure to answer or take the action Plaintiff believed appropriate did not implicate any constitutionally protected liberty interest. *Id.* at 4. The Magistrate Judge therefore concluded Plaintiff failed to state a claim upon which relief could be granted against Rory Griffin and Warden Page. *Id.*

### III. Plaintiff's Objections

### A. Rory Griffin

In his objections concerning Deputy Director Rory Griffin, Plaintiff asserts Griffin "hasn't been thorough in his checks on all that has actually been done to look into plaintiff's injuries to his back." Docket No. 32 at 1. He contends Griffin did not get his story straight and lied about Plaintiff's reports. *Id.* at 2.

In his objections, Plaintiff then reviews his grievances. Plaintiff states in Grievance No. BOW 15-00266, Griffin violated the policies and procedures of the Arkansas Department of Correction. *Id.* He complains Griffin made false statements, including allegedly stating that Plaintiff raised more than one issue in the grievance. *Id.* at 2–4.Plaintiff complains that Griffin did not order MRI when there was documentation allegedly supporting the ordering of an MRI. *Id.* at

2. Plaintiff also complains that Griffin stated he had reported a history of ruptured discs, that Plaintiff had refused medication, and that Plaintiff would receive a reply by December 10, 2015. *Id.* at 2–4.

With respect to Grievance No. BOW 16-00210, Plaintiff argues that Griffin's answer wrongly states that Plaintiff said that medical denied him an MRI. *Id.* at 4. According to Plaintiff, he complained that Griffin denied him an MRI. *Id.* Plaintiff also argues that Griffin quoted Plaintiff as stating Nurse Lynch had told him his MRI would be deferred, but Plaintiff denies that statement, stating that Nurse Lynch told him they could not do an MRI because the Arkansas Department of Correction had refused it. *Id.* at 4–5. Plaintiff also complained Griffin stated the grievance was out of time, which Plaintiff argues should be impossible because Plaintiff still has back pain. *Id.* at 5. According to Plaintiff, Griffin told him to use the sick call request process at the Bowie County Correctional Center, which he claims was ineffective because the staff throws away or loses his medical requests. *Id.* Plaintiff also complains that Griffin stated Plaintiff would receive a reply by July 8, 2016, but Plaintiff did not receive a response until July 25, 2016. *Id.* at 5–6. Plaintiff complains Griffin is violating an Arkansas policy stating prisoners will be held in a safe and humane manner. *Id.* at 6.

In response to Grievance No. BOW 16-00211, Plaintiff claims that Griffin stated it was documented Plaintiff denied any injuries from transport, but Plaintiff argues that this would be impossible because all Plaintiff has ever complained of is an injury from coming off the LaSalle Corrections transportation bus. *Id.* Plaintiff states that Griffin told him to use the sick call process at Bowie County Correctional Center even though Plaintiff has allegedly discovered the medical staff lost or threw away 22 medical requests he filed. *Id.*

With respect to Grievance No. BOW 16-00256, Plaintiff complains that Griffin states Dr. Shah did not note any indication for an MRI or a referral to a specialist, but Plaintiff contends that he received a letter from the Texas Jail Standards Commission stating Dr. Shah did request an MRI. *Id.* at 7.

Plaintiff also asserts Griffin is responsible for answering inmates' medical requests in a timely manner, ordering the proper tests for inmates, and allowing for all inmates to have proper diagnoses on their injuries, but, according to Plaintiff, Griffin has failed to maintain proper policies and procedures. *Id.* at 8.

**B. Warden Page**

Plaintiff filed separate objections to the Magistrate Judge's Report and Recommendation with respect to Defendant Bob Page. Docket No. 31. In his objections, Plaintiff states he did not send a grievance to Warden Page, but instead a "request for help." *Id.* at 2. He describes this as a letter setting out all of his problems with the health care at Community Education Centers, Inc. or Bowie County Correctional Center. *Id.* He acknowledges he has never spoken to Warden Page personally. *Id.*

Nonetheless, Plaintiff maintains Warden Page's failure to answer or take action with regard to his complaint implicated a constitutionally protected liberty interest. *Id.* He states he went into detail about his health care issues, his need for an elevator pass, the fact he had requested a bottom bunk and had a friend who would change bunks with him if permitted, and how the doctor and nurses had been deliberately indifferent to his medical needs. *Id.* Despite his asking for help, Plaintiff states Warden Page never responded to him.

Plaintiff further states that Warden Page argued with him and told him Plaintiff had no proof the 22 missing medical requests were actually missing. *Id.* at 3–4. Plaintiff states that he

had kept carbon copies of these requests and sent them to Warden Page, who responded by telling Plaintiff not to ever send him paperwork through the mail. *Id.* at 4. He again asserts Warden Page did not respond to his request for help, claiming this makes the warden liable for failing to remedy unlawful conditions of which he has knowledge. *Id.* at 5.

None of these allegations appear in Plaintiff's complaint, but are made for the first time in his objections.

Plaintiff in his objections also points to a newspaper article stating the Arkansas Board of Corrections approved a contract with the Bowie County Jail to house prisoners for $36 per day, plus a $2.42 per day medical stipend, arguing this is not enough money for his medical needs. *Id.* at 6. He cites *Jones v. Johnson*, 781 F.2d 769 (9th Cir. 1986) as stating supervising officials can be liable for budgetary restrictions on medical care, but fails to note *Jones* was overruled by *Peralta v. Dillard*, 744 F.3d 1076, 1063 (9th Cir. 2014). *Id.* at 3.

Plaintiff asserts Warden Page violated Bowie County policy by discriminating against him, although he does not point to membership in any protected class as a ground for such discrimination. *Id.* at 7. He attaches a copy of a grievance sent to Warden Page on February 22, 2016, complaining about his medical care; this grievance stated that he had seen Dr. Shah five times and had requested a visit with a specialist for an MRI but that Dr. Shah had not complied with this request. Docket No. 31-1 at 4.

Plaintiff also attaches a Step One grievance dated September 14, 2016, complaining about the mailroom, and a grievance sent to Warden Page on September 26, 2016, both of which are after this lawsuit was filed. *Id.* at 5–6. This grievance complained about the 22 missing medical requests and asserted that Plaintiff had been the victim of discrimination. *Id.* at 6. Warden Page's response stated Plaintiff had shown no evidence those 22 requests were sent or received by the medical

department and Plaintiff should not send Warden Page any more requests or papers as this would be handled through the legal process, presumably referring to this lawsuit, which was already pending at that time. *Id.* at 7.

## IV. Discussion

Plaintiff has no protected liberty interest in having his grievances or complaints to prison officials resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–374 (5th Cir. 2005). That Griffin and Warden Page did not respond to his grievances in the manner Plaintiff deemed appropriate and the alleged false statements by Griffin in these grievance responses do not constitute constitutional violations.

Nor has Plaintiff shown Griffin or Warden Page were deliberately indifferent to his serious medical needs. The Fifth Circuit has held deliberate indifference to a convicted inmate's serious medical needs could state a civil-rights violation, but a showing of less than negligence does not. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997); *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). Simple disagreement with the medical treatment received or a complaint the treatment received has been unsuccessful is insufficient to set forth a constitutional violation. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Norton*, 122 F.3d at 293. The Fifth Circuit has held an inmate who had been examined by medical personnel on numerous occasions failed to set forth a valid showing of deliberate indifference to serious medical needs. *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).

In *Domino v. TDCJ-ID*, 239 F.3d 752 (5th Cir. 2001), an inmate who was a psychiatric patient expressed suicidal ideations and the psychiatrist returned him to his cell after a five-minute examination; the inmate committed suicide two-and-a-half hours later. The Fifth Circuit, in reversing a denial of summary judgment by the district court, explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional medical treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference.

*Domino*, 239 F.3d at 756 (internal quotation marks omitted) (citations omitted); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

The information available to Griffin and Warden Page showed Plaintiff was being seen frequently by medical personnel; by February 22, 2016, Plaintiff had already seen Dr. Shah five times. Neither Griffin nor Warden Page are medical doctors, and, as such, they are entitled to rely on the judgment of medical professionals such as Dr. Shah. *See Miltier v. Beorn*, 896 F.2d 848, 854–55 (4th Cir.1990) (prison officials are entitled to rely on the expertise of prison medical staff with respect to inmate's treatment); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995) (warden and medical administrator lacked medical expertise and cannot be liable for diagnostic decisions of the medical staff); *accord, Althouse v. Roe*, 542 F.Supp.2d 543, 579 (E.D. Tex. 2008); *Cooks v. Demerson*, No. 2:10-CV-0195, 2011 WL 4485920 (N.D. Tex. Sept. 28, 2011).

The Magistrate Judge correctly determined Griffin and Warden Page could not have instructed Dr. Shah on the proper course of treatment or the appropriate tests to run. Plaintiff does not identify any policies or procedures implemented by Griffin or Warden Page which prevented him from receiving the medical care he thought best. A grievance response attached by Plaintiff dated August 16, 2016 indicates Plaintiff had been prescribed medications called Tegretol and Gabapentin. Docket No. 34-1 at 9. Plaintiff's objections on this point are without merit.

Plaintiff states he was told the Arkansas Department of Correction would not approve him for an MRI because X-rays had already proved normal. The failure to approve him for an MRI

under these circumstances does not show deliberate indifference. Courts have held a prisoner's belief that more tests should be conducted or additional diagnostic measures undertaken does not elevate a claim to constitutional dimensions. *Patterson v. Dretke*, No. 2:04-cv-132, 2004 U.S. Dist. LEXIS 9946, 2004 WL 1205126 (N.D.Tex., June 2, 2004) (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)); *Roark v. Flannery*, No. 5:12cv60, 2014 U.S. Dist. LEXIS 125626 (E.D.Tex., September 9, 2014). Even if the Arkansas medical authorities disagreed with Dr. Shah on the need for an MRI, the fact that health care providers may disagree with one another is not proof of deliberate indifference. *See Stewart*, 174 F.3d at 534. Plaintiff's objection on this ground is without merit.

Plaintiff asserts Griffin and Warden Page are liable because he told them about allegedly unconstitutional conditions, but they took no action. This is simply a restatement of his claim alleging they did not act on his grievances and complaints. Plaintiff's grievances made clear he was receiving medical care, notwithstanding his dissatisfaction with the quality of this care. His objection in this regard is without merit.

While Plaintiff complained Griffin violated policies and procedures of the Arkansas Department of Correction and Warden Page violated policies and procedures of the Bowie County Correctional Center, any such violations do not themselves show a constitutional deprivation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). This objection is without merit.

Plaintiff points to a newspaper story discussing a contract between the Arkansas Board of Correction and Bowie County, but fails to show either Griffin or Warden Page had any personal involvement with this contract. He raises a number of new allegations against Warden Page in his objections, but the Fifth Circuit has held issues raised for the first time in objections to the Report

of the Magistrate Judge are not properly before the district court.  *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001).

One of these new issues—Plaintiff's discrimination claim—is deficient because Plaintiff has not demonstrated sufficient facts.  Plaintiff has not shown he is a member of a protected class or that he faced discrimination on that basis.  He has identified no one similarly situated to him who received different treatment or otherwise pointed to facts showing any such different treatment. *See, e.g.*, *Bell v. Woods*, 382 F.App'x 391, 2010 U.S. App. LEXIS 12627, 2010 WL 2545421 (5th Cir., June 18, 2010) (citing *Pedraza v. Meyer*, 919 F.2d 317, n.1 (5th Cir. 1990)); *accord Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004) (rejecting discrimination claim based on "bald, unsupported, conclusional allegations").  Plaintiff's objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected.  *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")  Upon such *de novo* review, the Court has determined that the Initial Report and Recommendation of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Initial Report and Recommendation of the Magistrate Judge (Docket No. 10) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** the Plaintiff's claims against the Defendants Rory Griffin and Warden Page are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

Griffin and Warden Page are **DISMISSED** as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the remainder of the Plaintiff's claims in this case.

**SIGNED this 25th day of May, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE